IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KRISTAL KITCHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-079 |
| | ) | |
| BLECKLEY RSAT, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Bleckley Probation Detention Center in Cochran, Georgia brings the above-captioned case pursuant to 28 U.S.C. § 2254 and is proceeding *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   **BACKGROUND**

In December 2021, Petitioner pled guilty to possession of methamphetamine, in the Superior Court of Wheeler County, Georgia and was sentenced to three years of probation. (Doc. no. 1, p. 1.) The trial court subsequently revoked probation and sent Petitioner to Bleckley Probation Detention Center. (Id. at 4-5. Petitioner did not appeal her conviction or seek review by a higher state court. (Id. at 2-3.) Petitioner signed the instant federal petition on May 4, 2022, and originally filed it in the Middle District of Georgia. (Doc. no. 1-1.) Because Petitioner is

challenging a judgment entered in a court within the Southern District of Georgia, United States District Judge Tilman E. Self, III., transferred the petition to this District on July 19, 2022. (Doc. no. 4.) Petitioner raises three grounds for relief in the current petition: (1) an officer unconstitutionally searched her vehicle; (2) she was coerced into accepting a plea due to her freedom being leveraged against her; and (3) she should not have been found in violation of her probation. (Doc. no. 1, p. 4.)

II.     DISCUSSION

   A.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson

v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

      B.      **Petitioner Failed to Exhaust State Remedies**

Here, Petitioner does not allege she has filed a direct appeal or a state habeas petition. (Doc. no. 1, pp. 1-3.)  Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and

3

have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Petitioner has not filed a state habeas petition or alleged any refusal by the state courts to hear her claims. As Petitioner has not exhausted available state court remedies, her federal habeas corpus petition should be dismissed without prejudice so she can first give the state courts an opportunity to address her claims

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of July, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA